# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| GARY LEE MOUNT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-3056 |
| | § | |
| COURT OF CRIMINAL APPEALS, *ET AL.*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER OF DISMISSAL

Plaintiff, a state inmate proceeding *pro se*, files this section 1983 lawsuit against numerous defendants, including the Texas Court of Criminal Appeals, state district court judges, Harris County district attorneys, Harris County Sheriff's Office deputies and investigators, Harris County forensic employees, his court-appointed trial and appellate attorneys, and Texas Department of Criminal Justice officials and officers. His requested relief is singular: an order mandating that these individuals and agencies produce and tender evidence and information surrounding his 2014 convictions for aggravated kidnaping and aggravated sexual assault.

The threshold question is whether plaintiff's claims should be allowed to proceed under 28 U.S.C. § 1915A. Finding that no federal issue has been raised, the Court will dismiss this lawsuit for failure to state a viable claim under section 1983.

### *Background and Claims*

A Harris County jury found plaintiff guilty of aggravated sexual assault and aggravated kidnaping in 2014. Punishment was assessed at 75 years' imprisonment,

enhanced by two convictions. The complainant testified at trial that plaintiff had kidnaped her and repeatedly assaulted her, physically and sexually. Plaintiff had fled the scene, but police found him hiding in a closet in his house. DNA analysis of semen taken from the complainant revealed plaintiff as the contributor. DNA results as to blankets, clothing, and other items at the scene were non-inculpatory. On direct appeal and state collateral review, plaintiff argued that he was denied a speedy trial and that counsel failed to raise speedy trial issues. His arguments were unsuccessful. Plaintiff's section 2254 federal habeas proceeding challenging the convictions is pending in this Court. *See Mount v, Davis*, C.A. No. H-16-3582 (S.D. Tex.). A review of that case shows that plaintiff's motions seeking the same or similar relief as requested here remain pending.

Public on-line records for the Harris County District Clerk's Office show that, on May 23, 2016, plaintiff filed a *pro se* motion with the state trial court seeking post-conviction DNA testing as to his aggravated sexual assault conviction. *See* TEX. CODE CRIM. PROC. Art. 64.01, *et seq*. He subsequently filed a motion for appointment of counsel. The motions remain pending with the state trial court in *State v. Mount*, Cause No. 14491950 in the 248th District Court of Harris County, Texas.

Plaintiff claims in the instant section 1983 lawsuit that the defendants denied him due process by disallowing access to DNA and other physical evidence, a police car dash-cam videotape, the "recorded evidence" of the complainant and two other testifying witnesses, his own recorded statements, his trial counsels' "work product folders," all documents and materials possessed by appellate counsel, and "lab directed discovery"

2

from forensic experts. He requests that this Court order the defendants to produce and tender these items. He further requests that the Court order the Texas Court of Criminal Appeals to "honor the DNA motion [he] sent them," and that Alan Curry be ordered "to give a reason why he got fired from the Harris County District Attorney's Office." It is plaintiff's position that the requested evidence, information, and items would prove his actual innocence.

*Analysis*

*Mandamus Relief*

Plaintiff's stand-alone request for the Court to compel the above-specified actions is in the nature of mandamus. "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973).

The defendants named in this lawsuit are not officers or employees of the United States or any federal agency. Consequently, this Court is without power to order the

defendants to turn over the requested evidence and items, and plaintiff's request for mandamus relief must be dismissed as frivolous. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack power to mandamus state courts in the performance of their duties).

*Section 1983 Relief*

Regardless, plaintiff's lawsuit fails to raise a viable claim for which relief can be granted under section 1983. To merit section 1983 relief, a plaintiff must show that there was a violation of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under the color of state law. *Resident Council of Allen Parkway Vill. v. HUD*, 980 F.2d 1043, 1050 (5th Cir.1993).

Plaintiff shows no violation of a federal law or right, as he enjoys no free-standing federal constitutional right of post-conviction access to the requested evidence, information, and items. *See District Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 67–73 (2009). Nor does the Constitution require that plaintiff's attorneys turn over their work product files to him or that Galveston County District Attorney Alan Curry provide plaintiff information regarding his prior employment. Morever, plaintiff does not claim that his attorneys were unable to access or otherwise obtain the evidence, information, and items for their use at trial and/or on appeal, and no constitutional denial of due process has been raised. Additionally, plaintiff's trial and

appellate attorneys are not state actors for purposes of section 1983, and no viable claim for which section 1983 relief can be granted against them has been raised.

For these reasons, plaintiff fails to set forth a viable claim for which relief can be granted under section 1983, and the lawsuit must be dismissed.

*Article 64.01 Relief*

As applicable to the relief sought by plaintiff herein, the Fifth Circuit Court of Appeals has held that,

> [t]o state a claim under § 1983, a plaintiff must allege that there was a violation of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under the color of state law. While there is no freestanding right for a convicted defendant to obtain evidence for post-conviction DNA testing, such a right may be created by state law. Texas has created such a right, which is found in Chapter 64 of the Texas Code of Criminal Procedure.

*Harris v. Lykos*, Appeal No. 12-20160, 2013 WL 1223837, at *1 (5th Cir. Mar. 27, 2013) (per curiam) (citations omitted).

Although a state prisoner seeking post-conviction DNA testing has the right "to show that the governing state law denies him procedural due process," the Supreme Court has characterized that right as a "slim" one. *Skinner v. Switzer*, 562 U.S. 521, 525 (2011). Given the Supreme Court's holdings, federal courts "will intervene only if the State's framework offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental, or transgresses any recognized principle of fundamental fairness in operation." *Garcia v. Castillo*, 431 F. App'x 350, 353 (5th Cir. 2011) (internal quotation marks omitted). Federal courts may upset a state's

post-conviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided. *Id.*

For plaintiff to show that Article 64.01, *et seq.*, of the Texas Code of Criminal Procedure falls within the purview of *Skinner*, he must first show that he was denied relief under Article 64.01. As stated above, plaintiff has not obtained a ruling on his pending Article 64.01 proceeding, and relief under that provision remains available. Therefore, this Court cannot and will not address plaintiff's federal constitutional rights *vis-a-vis* Article 64.01 at this time.

## *Conclusion*

For these reasons, this lawsuit is DISMISSED WITHOUT PREJUDICE under Section 1915A as frivolous and for failure to state a claim. Any and all pending motions are DENIED AS MOOT. Plaintiff is advised that this dismissal counts as a "strike" under 28 U.S.C. § 1915(g), and constitutes his second "strike." *See Mount v. Wakefield*, C.A. No. H-17-02987 (S. D. Tex. Oct. 13, 2017) (dismissed for failure to state a claim).

The Clerk of Court is directed to provide a copy of this order to plaintiff. The Clerk will also provide a copy of this order by regular mail or e-mail to: (1) the

TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; and (2) Manager of the Three-Strikes List for the Southern District of Texas, at Three_Strikes@txs.uscourts.gov.

    Signed at Houston, Texas on November 20, 2017.

                                    Gray H. Miller
                             United States District Judge